**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANITA SUE GONZALEZ, Individually and in her capacity as the Personal Representative of the Estate of LUIS ALBERTO GONZALEZ, JR., deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:25-cv-00742-PRW |
| OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY; BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF OKLAHOMA, TURN KEY HEALTH CLINICS, LLC | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT OF DEFENDANT TURN KEY HEALTH CLINICS, LLC**

Alexandra G. Ah Loy, OBA #31210
Timothy F. Campbell, OBA #30513
Kristin Siegel, OBA #32871
HALL BOOTH SMITH, P.C.
6301 Waterford Blvd, Ste 200
Oklahoma City, Oklahoma 73118
Telephone: 405-513-7111
Facsimile: 405-768-1414
allieahloy@hallboothsmith.com
tcampbell@hallboothsmith.com
ksiegel@hallboothsmith.com

***Attorneys for Defendant Turn Key Health Clinics, LLC***

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

STATEMENT OF THE CASE ........ 1

ARGUMENT AND AUTHORITIES ........ 4

I. STANDARD OF REVIEW ........ 3

II. PROPOSITION I: PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. ........ 4

A. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT HE SUFFERED AN UNDERLYING CONSTITUTIONAL DEPRIVATION BY A TURN KEY EMPLOYEE ........ 4

B. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE A CONSTITUTIONAL CLAIM AGAINST DEFENDANT BASED ON A MUNICIPAL LIABILITY THEORY. ........ 11

C. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT MR. GONZALEZ SUFFERED CONSTITUTIONAL DEPRIVATION BY TURNKEY RELATED TO THE CONDITIONS OF MR. GONZALEZ'S CONFINEMENT ........ 17

III. PROPOSITION: PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ........ 18

A. TURN KEY IS IMMUNE FROM LIABILITY UNDER THE GOVERNMENTAL TORT CLAIMS ACT. ........ 18

CONCLUSION ........ 19

CERIFICATE OF SERVICE ........ 21

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 554 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) ........... 3
*Ashcroft*, 556 U.S. at 678 .......................................................................... 15, 17
*Barrios v. Haskell Cty. Pub. Facilities Auth.*, 2018 OK 90, ¶ 1, 432 P.3d 233, 241 ........ 18
*Barrios v. Haskell Cty. Pub. Facilities Auth.*, 432 P.3d 233, 236 n.5 (Okla. 2018).... 18, 19
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) ........... 3
*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ........................................... 10
*Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir.2008) ............................................. 10
*Burke v. Regalado*, No. 18-CV-231-GKF-FHM, 2019 WL 1371144, at *2–3 (N.D. Okla. Mar. 26, 2019) ........................................................................................................ 19
*City of Canton Ohio v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412, 388-89 (1989) .................................................................................................. 13
*Debrow v. Kaiser*, 42 F. App'x 269, 269 (10th Cir. 2002) ............................................... 10
*Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) ......................................... 12
*Dodds v. Richardson*, 614 F.3d 1185, 1208 (10th Cir. 2010) ......................................... 13
*Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D.Okla. 2012) ..................................... 4
*Duffield v. Jackson*, 2007 WL 4210863 at *3 (W.D. Okla. 2007) .................................. 10
*Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) .............................................. 8
*Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)...... 4,5,9
*Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994) ........................................................................................................................ 6
*Flanagan v. City of Dallas, Tex.*, 48 F. Supp. 3d 941, 948–49 (N.D. Tex. 2014) ........... 16
*Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) ................................................. 10
*Gaston v. Ploeger*, 229 Fed.Appx. 702, 710 (10th Cir. 2007), *unpublished* ....................... 7
*Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ..................................................... 7
*Gilbreath v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, CIV-11-1037-D, 2012 WL 2683133 (W.D. Okla. 2012) ...................................................................................................... 10
*Gray v. University of Colo. Hosp. Auth.*, 672 F.3d 909, 919 n. 9 (10th Cir. 2012) .......... 10
*Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) .................................................. 5
*Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976 .......... 4
*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ..................................................... 3
*Harper v. Woodward Bd. Of Cnty. Comm'rs*, 2014 WL 7399367, *7 (W.D. Okla. 2014) ...................................................................................................................... 11
*Heidtke v. Corr. Corp. of Am.*, 489 Fed. Appx. 275, 279-80 (10th Cir. 2012) .................... 8
*Holland v. Glanz*, 16-CV-349-JED-JFJ, 2019 WL 4781869 (N.D. Okla. Sept. 30, 2019) ...................................................................................................................... 19
*Johnson v. Cannon*, 2009 WL 1916928, 2 (E.D.Okla. 2009) .................................... 12, 13
*Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) ............................................. 4, 7

*Kermicle v. D,* 428 F.Supp.16 (10th. Cir. 1976) .......... 10
*Martin v. Creek County Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010).......... 5
*Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009), quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985) .......... 4, 6, 7
*Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005).......... 7
*McClain v. Sheriff of Mayes Cty.*, 595 F. App'x 748, 753–54 (10th Cir. 2014).......... 16
*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) .......... 11
*Monell v. New York City Dept. of Social Servs*., 436 U.S. at 694 .......... 13,16
*Monell*, 436 U.S. at 691 (citations omitted) .......... 12, 14, 15, 17
*Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).......... 16
*Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24 (1985) .......... 12
*Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).......... 9
*Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (U.S. Ohio 1986) .......... 12
*Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001).......... 16
*Prince v. Turn Key*, 2019 WL 238153, *10 (N.D. Okla. Jan. 16, 2019).......... 17, 19
*Redding v. Marsh*, 750 F.Supp.473, 479 (E.D.Okl.1990) .......... 9, 10
*Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996).......... 11, 15, 17
*Ridge at Red Hawk, L.L.C. V. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) .......... 3
*Robbins v. Oklahom*a, 519 F.3d 1242, 1250 (10th Cir. 2008).......... 10
*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) .......... 7
*Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) .......... 8
*Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976) .......... 9, 10
*Soboroff v. Federal Transfer Center*, 2013 WL 4788614, * 3-4 (W.D. Okla. 2013), *unpublished* .......... 14, 15
*Strain v. Armor Corr. Health Care Servs., Inc.*, No. 19-CV-527-JED-FHM, 2020 WL 5026548, at *1 (N.D. Okla. Aug. 25, 2020).......... 19
*Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) .......... 6
*Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) .......... 6, 9
*White v. Kansas Dept. of Corrections*, 664 Fed. Appx. 734 (10th Cir. 2016), *unpublished* .......... 11, 13, 17
*Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000 .......... 12, 13
*Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).......... 6
*Williams v. City of Tulsa, OK*, 393 F.Supp.2d 1124, 1128 (N.D.Okla.2005) .......... 11
*Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981).......... 5

**COMES NOW** Defendant, Turn Key Health Clinics, LLC ("TK Health"), and moves this Court to dismiss this action against this Defendant pursuant to Fed. R. Civ. P. 4 and Fed. R. Civ. P. 12(b)(6). In support thereof, Defendant respectfully submits to the Court the following Brief.

## STATEMENT OF THE CASE

Plaintiff, Anita Sue Gonzlez, brings the instant lawsuit against Defendant Turn Key Health Clinics, LLC, under 42 U.S.C. § 1983 for alleged deliberate indifference. The basis for Plaintiff's claims against Defendant Turn Key is that Plaintiff's son, Luis Alberto Gonzalez, Jr., an individual with Type 1 diabetes, was not provided medical treatment or sent to the hospital during his stay at the Oklahoma County Detention Center ("OCDC"). ECF Doc. 01-02 at ¶ 17, 373.

Specifically, Plaintiff alleges Mr. Gonzalez was arrested on December 11, 2022. ECF Doc. 01-02 at ¶ 14, 23. During his transport to the OCDC, Mr. Gonzalez complained to the arresting officer than "his blood hurt." ECF Doc. 01-02 at ¶ 23. When his blood sugar was found to be above average, Mr. Gonzalez was taken to St. Anthony Hospital, where he was treated and ultimately cleared for admission to OCDC. ECF Doc. 01-02 at ¶ 23, 53. Upon arrival at the jail, Plaintiff alleges Mr. Gonzalez informed the jail staff that he had high blood pressure and diabetes. ECF Doc. 01-02 at ¶ 55, 61. Plaintiff alleges Mr. Gonzalez received a finger-stick blood sugar reading from an "individual in scrubs," which found his blood glucose level to be 92. ECF Doc. 01-02 at ¶ 68. Once admitted, Plaintiff alleges that Mr. Gonzalez was not placed on the 13th medical floor as he was found to be aggressive towards the other inmates. ECF Doc. 01-02 at ¶ 81, 86.

Plaintiff's Complaint is silent as to requests for medical treatment made by Mr. Gonzalez as well as any specific instance where Mr. Gonzalez was seen or treated by a Turn Key employee, though Plaintiff alleges Mr. Gonzalez reported to her that $30 was removed from his commissary account for "medical." ECF Doc. 01-02 at ¶ 97. Further, Plaintiff's Complaint does not identify any particular Turn Key employee who saw or treated Mr. Gonzalez for his diabetes. Plaintiff makes one assertion that on December 18, 2022, Mr. Gonzalez told her that his blood sugar was 46. ECF Doc. 01-02 at ¶ 89. However, the Complaint is silent as to how Mr. Gonzalez came to know this information. Plaintiff alleges that the decisions related to the assessment and treatment of Mr. Gonzalez were "largely made by LPNs and LPCs" and that Mr. Gonzalez was not referred to a physician or offsite medical provider. ECF Doc. 01-02 at ¶ 188. Plaintiff alleges that Mr. Gonzalez was never assessed by a physician, PA, NP or RN during his stay at OCDC. ECF Doc. 01-02 at ¶ 190. Plaintiff first alleges Defendant Turn Key provided "medical services, supervision, and medication" to Mr. Gonzalez during his detention. ECF Doc. 01-02 at ¶ 4. Plaintiff later alleges that Mr. Gonzalez was not provided medication to treat his diabetes. ECF Doc. 01-02 at ¶ 191. On December 21, 2022, ten days after his admission, Mr. Gonzalez was found deceased. ECF Doc. 01-02 at ¶ 99, 103. His probable cause of death was found to be "diabetes mellitus, sequelae." ECF Doc. 01-02 at ¶ 109.

As discussed in the following Brief, Plaintiff has failed to plead sufficient facts under existing law to support a cause action against Turn Key, warranting dismissal under Fed. R. Civ. P. 12(b)(6).

## ARGUMENTS AND AUTHORITIES

### I. STANDARD OF REVIEW.

Plaintiff's Complaint fails to state a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the Complaint "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell* at 570. For a complaint to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 554 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims." *Ridge at Red Hawk, L.L.C. V. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based". *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. PROPOSITION I: PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

### A. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT HE SUFFERED AN UNDERLYING CONSTITUTIONAL DEPRIVATION BY A TURN KEY EMPLOYEE.

Plaintiff asserts claims arising under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D.Okla. 2012). To establish a constitutional violation for denial of medical attention under the Fourteenth Amendment, a plaintiff must show "deliberate indifference to serious medical needs." *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009), quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). "Deliberate indifference involves both an objective and a subjective component." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005); *see Martinez*, 563 F.3d at 1088-89.

Plaintiff's claims must be judged against the "deliberate indifference to serious medical needs" test of *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain". *Estelle*, 429 U.S. at 104, citing *Gregg*, 428 U.S. at 173. "[E]very claim by a prisoner that he has not received adequate medical treatment" does not state "a violation of the Eighth Amendment." *Estelle,* 429 U.S. at 105.

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant

> to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

*Id*. at 105-06.

In order to "state a claim under § 1983, an individual must allege misconduct that is 'so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions.'" *Martin v. Creek County Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010), *not reported,* quoting *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981). "When misconduct falls short of this standard, an individual must seek relief in state court under traditional tort-law principles." *Id.*

As such, a complaint alleging negligence in diagnosing or treating a medical condition does not become a valid constitutional claim of medical mistreatment simply because the victim is a prisoner. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v*, 429 U.S. 97 at 106. Negligence alone does not state a claim under § 1983 for deliberate indifference to medical needs. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Further, differences in judgment between an inmate and jail medical personnel regarding appropriate medical diagnosis or treatment

also are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail on a deliberate indifference claim, a plaintiff "must show deliberate indifference to a substantial risk of serious harm. The claim contains objective and subjective elements. Objectively, the deprivation must be sufficiently serious. Subjectively, the defendant must have been aware of a substantial risk of serious harm." *Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994) (internal citations omitted).

Thus, in order to sufficiently plead a claim under § 1983 for deliberate indifference, Plaintiff must allege that a specific actor was subjectively aware of the risk of harm to Plaintiff and disregarded such known risk. *See Farmer,* 511 U.S. at 829. There must be a showing of "'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id*., quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Specifically, in order to impose liability, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer, supra*, 511 U.S. at 837. Thus, Plaintiff must show that Turn Key, by and through a <u>specific actor</u>, <u>knew of</u> and <u>disregarded</u> a substantial risk of harm to Plaintiff by withholding medical treatment.

To establish a constitutional violation for denial of medical attention under the Fourteenth Amendment, a plaintiff must show "deliberate indifference to serious medical needs." *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009), quoting *Garcia*, 768 F.2d at 307. "Deliberate indifference involves both an objective and a subjective component."

*Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005); *see Martinez*, 563 F.3d at 1088-89. "The objective component of the test is met if the 'harm suffered rises to a level "sufficiently serious" to be cognizable under the Cruel and Unusual Punishment Clause' of the Eighth Amendment." *Martinez*, 563 F.3d at 1088, quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005). "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Id*. (quoting *Mata*, 427 F.3d at 753). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

Plaintiff's allegations are insufficient to establish the objective component of the deliberate indifference standard. Taking Plaintiff's allegations as being true, Mr. Gonzalez received medical treatment and medication from Turn Key during his time at OCDC. Plaintiff has likewise failed to allege any causal link between any symptoms, injury, or complaints with the actions of Turn Key or any Turn Key actor.

Second, Plaintiff has failed to plead sufficient allegations to establish the subjective component of the deliberate indifference test, which "requires a showing that the defendant acted with a culpable state of mind." *Gaston v. Ploeger*, 229 Fed.Appx. 702, 710 (10th Cir. 2007), *unpublished*. A jail official "cannot be liable for a claim of deliberate indifference 'unless the official knows of and disregards an excessive risk to inmate health and safety;

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Heidtke v. Corr. Corp. of Am.*, 489 Fed. Appx. 275, 279-80 (10th Cir. 2012), *unpublished,* quoting *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). "The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Id.* at 280. The Tenth Circuit has explained that "our case law firmly establishes that 'the subjective component is not satisfied, absent an extraordinary degree of neglect". *Heidtke* at 280 (quoting *Self* at 1232). "[I]n this Circuit, <u>the 'negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.</u>" *Heidtke*, *id.,* quoting *Self* at 1233 (emphasis added). "Only when the symptoms obviously point to a substantial risk of harm can we draw an inference of the medical professional's conscious disregard of an inmate's medical emergency." *Id.* at 282.

Plaintiff has failed to plead facts sufficient to show that any Turn Key employee knew that he was at substantial risk of serious harm while incarcerated at the OCDC, and that any such actor consciously disregarded any such risk. Here, Plaintiff has failed to state a claim under § 1983 against Defendant as he does not allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs by any individual employee of Turn Key. Further, Plaintiff fails to identify any specific Turn Key employee treated Mr. Gonzalez or the instances he received medical treatment. Plaintiff does not make a factual assertion that he requested medical attention and failed to receive it. Thus,

taking Plaintiff's conclusory allegations as true, Plaintiff was provided medical care and medication.

An inadvertent failure to provide adequate medical care does not rise to the level of "wanton infliction of pain" necessary to sustain plaintiff's burden of proof for denial of the right to medical care. *Estelle*, at 105. A negligent failure to diagnose a medical condition also does not rise to the level of a constitutional violation. *Estelle*, at 105. Failure to provide a test or failure to transfer to an outside facility does not rise to the level of a civil rights violation. *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976) (emphasis added). Performance of a cursory examination does not rise to the level of a civil rights violation. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Delay in transfer to another facility does not constitute a violation. *Redding v. Marsh*, 750 F.Supp.473, 479 (E.D.Okl.1990). Whether a specialist should have been called in sooner is a question of negligence, not a constitutional violation. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).

Taking Plaintiff's allegations as being true, no Turn Key employee ever objectively or subjectively believed that Plaintiff was an imminent danger of harm. Plaintiff's claims in this case amount to no more than a disagreement with the medical decision. Taken as a whole, Plaintiff's allegations are insufficient to establish deliberate indifference against any individual Turn Key actor. Differences in judgment between an inmate and jail medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff's allegations are objectively and subjectively insufficient to state a claim for a constitutional deprivation. If medical care was provided, and there is only a

disagreement as to whether the proper care was provided, the case sounds in tort and does not rise to the level of a civil rights claim. *Smart v. Villar*, 547 F.2d 112 (10th Cir.1976); and *Debrow v. Kaiser*, 42 F. App'x 269, 269 (10th Cir. 2002). Where there is no allegation of a total denial of care, but rather plaintiff disagrees with the care provided, the civil rights claim fails. *Kermicle v. Day,* 428 F.Supp.16 (10th. Cir. 1976). Whether an alternative method of treatment was appropriate is a question of negligence, not of constitutional violation. *Redding v. Marsh*, 750 F.Supp.473, 478 (E.D.Okl.1990). Whether a medical provider made the right decision concerning a medical diagnosis or treatment is a question of negligence law which does not rise to the level of a constitutional deprivation. *Id.* at 479.

The Tenth Circuit has repeatedly affirmed that generic accusations against the "Defendants" fail to meet the "fair notice" standard under Fed. R. Civ. P. 8. *See Robbins v. Oklahom*a, 519 F.3d 1242, 1250 (10th Cir. 2008). The Tenth Circuit has also stressed the importance of factual allegations in a § 1983 claim when qualified immunity is likely to be asserted as an affirmative defense. *Robbins,* 519 F.3d at 1249*; Gilbreath v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, CIV-11-1037-D, 2012 WL 2683133 (W.D. Okla. 2012); *Gray v. University of Colo. Hosp. Auth*., 672 F.3d 909, 919 n. 9 (10th Cir. 2012) (noting use of collective term "Defendants" failed to inform individuals what unconstitutional acts they allegedly committed); *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir.2008) ("allegations that simply name the 'Defendants' generically" do not state facts about an individual defendant's conduct); *Duffield v. Jackson*, 2007 WL 4210863 at *3 (W.D. Okla. 2007), not reported ("Personal participation is an essential element of a § 1983 claim"), citing *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Garrett v. Stratman*,

254 F.3d 946, 950 n. 4 (10th Cir. 2001); *Harper v. Woodward Bd. Of Cnty. Comm'rs*, 2014 WL 7399367, *7 (W.D. Okla. 2014), *not reported*.

Federal courts have dismissed cases with conclusory allegations such as those made by Plaintiff, and the U.S. Supreme Court has specifically condemned such threadbare statements masquerading as purported facts. *Ashcroft*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996) (affirming dismissal of the plaintiff's inadequate medical care claim because the plaintiff's conclusory allegations did not rise to the level of deliberate indifference); and *White v. Kansas Dept. of Corrections*, 664 Fed. Appx. 734 (10th Cir. 2016), *unpublished* (affirming the district court's dismissal of the plaintiff's complaint because the plaintiff's unsupported allegations failed to approach the deliberate indifference standard). Here, Plaintiff has failed to plead sufficient facts to establish either the objective or the subjective prong of the deliberate indifference test. Accordingly, Plaintiff's deliberate indifference claim against Defendant Turn Key should be dismissed, pursuant to the Federal Rule of Civil Procedure 12(b)(6).

### B. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE A CONSTITUTIONAL CLAIM AGAINST DEFENDANT BASED ON A MUNICIPAL LIABILITY THEORY.

Courts have routinely held that there is no vicarious liability for § 1983 claims, *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 691 (1978), and the language of § 1983 cannot be read to impose vicarious liability based solely on the existence of an employer-employee relationship. Id. at 692; see, also, *Williams v. City of Tulsa, OK*, 393 F.Supp.2d 1124, 1128 (N.D.Okla.2005) ("It is well established that municipalities do not

incur liability under a theory of respondeat superior in a § 1983 suit.”). The only method by which Turn Key, a private company, could arguably be found to have been deliberately indifferent would be through a municipal liability theory. Any theory of municipal liability against Turn Key is insufficient when taking all of Plaintiff’s allegations as being true.

The municipal liability theory requires the plaintiff to prove that an established specific policy, procedure or custom caused the plaintiff to suffer a constitutional deprivation. *Johnson v. Cannon*, 2009 WL 1916928, 2 (E.D.Okla. 2009), citing *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000). “[T]he Supreme Court has long held that municipalities are not liable for the constitutional torts of their employees merely on a respondeat superior basis. Instead, municipalities are only liable for constitutional violations that they have directly caused.” *Dodds v. Richardson*, 614 F.3d 1185, 1208 (10th Cir. 2010), quoting Monell, 436 U.S. at 691 (citations omitted). Moreover, the U.S. Supreme Court held in *Pembaur v. City of Cincinnati*, that “[m]unicipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.” *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (U.S. Ohio 1986), citing Oklahoma City v. Tuttle, 471 U.S. 808, 822-24 (1985) (emphasis added). In addition, the Court held that an “official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.” Id. To state a § 1983 claim against a municipal entity or local government body, “the plaintiff must prove (1) the entity executed a policy or

custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." *Johnson v. Cannon*, 2009 WL 1916928, 2 (E.D.Okla. 2009), citing *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000).

While the U.S. Supreme Court has held that municipalities and other governmental bodies may be liable under § 1983, the Court has only done so under the municipal theory of liability which requires, among other things, that the municipality or governmental body be the final official policymaker. *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). In particular, the U.S. Supreme Court stated that "it is when execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. at 694. "'Municipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered.'" Id.

Thus, in order to state § 1983 claims against Turn Key, Plaintiff must allege facts sufficient to show that Turn Key executed a policy or custom that caused the alleged constitutional deprivations. The Tenth Circuit has made clear that "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton Ohio v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412, 388-89 (1989) (emphasis added).

Plaintiff fails to plead any factual basis sufficient to establish that there was any "custom or practice" of Turn Key which caused any alleged constitutional deprivation. Plaintiff's conclusory, unparticularized allegations that Turn Key's policies or customs

were inadequate or non-existent are insufficient to establish *Monell* liability. Such allegations fail to show that Turn Key executed any policy or custom that was the "moving force" behind any alleged constitutional deprivation. Without pleading any such specific facts in support of his municipal liability claim, Plaintiff's "claims are far too vague and conclusory to state a plausible claim for relief." *See*, *e.g.*, *Soboroff v. Federal Transfer Center*, 2013 WL 4788614, * 3-4 (W.D. Okla. 2013), *unpublished*.

Plaintiff has failed to establish any evidence of any knowledge or information known by any individual Turn Key employee, but even if Plaintiff had, any knowledge or information known by such individuals is not and cannot be imputed to Turn Key. Plaintiff does not, and cannot, allege that Defendant Turn Key, a private business entity, is capable of violating any of his constitutional rights on its own and not through its employees or agents. As a result, all of the constitutional claims against Turn Key seem to be based on a theory of vicarious liability. Turn Key cannot be held vicariously liable for any alleged deliberate indifferent acts or omissions of any of its employees or agents under a § 1983 claim, and pursuant to Federal Rule of Civil Procedure 12(b)(6), all of Plaintiff's constitutional claims must be dismissed.

Plaintiff has not properly alleged an underlying constitutional violation on the part of any of Defendant Turn Key's employees. Without properly alleging a constitutional deprivation taken by a particular employee, Defendant Turn Key's policies, procedures, or customs cannot be found to have been the moving force behind an alleged constitutional deprivation. Plaintiff is unable to satisfy the requirements of the municipal liability theory, and he is unable to establish that Turn Key was deliberately indifferent. Had Plaintiff

properly plead an underlying constitutional violation, Plaintiff still would have failed to state a claim against Defendant Turn Key.

Plaintiff fails to plead any factual basis sufficient to establish that there was any "custom or practice" of Turn Key which caused any alleged constitutional deprivation. Plaintiff's conclusory, unparticularized allegations policies or customs are insufficient to establish *Monell* liability. Such allegations fail to show that Turn Key executed a policy or custom that caused the alleged constitutional deprivation. Simply put, Plaintiff's allegations are insufficient to show this Defendant executed a specific policy or custom that caused any alleged constitutional deprivation. Without pleading any such specific facts in support of his municipal liability claim, Plaintiff's "claims are far too vague and conclusory to state a plausible claim for relief". *See*, *e.g.*, *Soboroff v. Federal Transfer Center*, 2013 WL 4788614, * 3-4 (W.D. Okla. 2013), *unpublished*. Federal courts have dismissed cases with conclusory allegations such as those made by Plaintiff, and the U.S. Supreme Court has specifically condemned such threadbare statements masquerading as purported facts. *Ashcroft*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996) (affirming dismissal of the plaintiff's inadequate medical care claim because the plaintiff's conclusory allegations did not rise to the level of deliberate indifference); and *White v. Kansas Dept. of Corrections*, 664 Fed. Appx. 734 (10th Cir. 2016), *unpublished*.

Plaintiff fails to identify any specific Turn Key policy that allegedly caused any violation of Mr. Gonzalez's constitutional rights. Instead, Plaintiff makes broad,

conclusory allegations that the alleged deliberate indifference was due to two Turn Key policies or practices: (1) the alleged understaffing facilities with undertrained and unqualified medical providers; and (2) omitting negative health outcomes from "written documentation". ECF Doc. 01-02 at ¶ 314, 319. However, Plaintiff fails to plead any factual basis sufficient to establish that either was a "policy, practice and custom" of Turn Key.

Plaintiff fails to identify any specific Turn Key policy that allegedly caused any violation of Mr. Gonzelez's constitutional rights. Plaintiff has wholly failed to show that any specific Turn Key policy was a moving force behind any alleged constitutional deprivation. Moreover, Plaintiff's allegations of "policy, practice and custom" are insufficient as a matter of law. The Tenth Circuit and other federal courts have made clear that "a 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *McClain v. Sheriff of Mayes Cty.*, 595 F. App'x 748, 753–54 (10th Cir. 2014), citing *Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). *See, also, Flanagan v. City of Dallas, Tex.*, 48 F. Supp. 3d 941, 948–49 (N.D. Tex. 2014) ("[A] municipality is almost never liable for an isolated unconstitutional act on the part of an employee"), citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001).

In order to state a valid § 1983 claim against Turn Key, Plaintiff must allege facts sufficient to show that Turn Key implemented and followed a <u>specific policy</u> or custom that <u>caused</u> the alleged constitutional deprivation. *See Monell,* 436 U.S. at 694. Moreover, Plaintiff must further allege "the specific treatments or care that plaintiff was denied as a result of the [alleged] practices," in order to sufficiently allege causation for the purposes

of municipal liability. *Prince v. Turn Key*, 2019 WL 238153, *10 (N.D. Okla. Jan. 16, 2019). *Monell* has stressed the importance of the "causation" element for municipal liability in stating that "Congress did not intend § 1983 liability to attach where such causation was absent." *Monell,* 436 U.S. at 692. Plaintiff's Complaint cannot overcome the burden imposed by the litany of case law on the matter, and thus, must be dismissed pursuant to the Federal Rule of Civil Procedure 12(b)(6).

**C. Plaintiff has failed to allege facts sufficient to show that he suffered constitutional deprivation by Turnkey related to the conditions of Mr. Gonzalez's confinement.**

Plaintiff also brings a cause of action against Turn Key for allegedly inadequate conditions of confinement in the provision of medicine. ECF Doc. 01-02 at ¶ 343. Plaintiff does not identify any individual Turn Key employee who failed to provide Mr. Gonzalez medicine. Federal courts have dismissed cases with conclusory allegations such as those made by Plaintiff, and the U.S. Supreme Court has specifically condemned such threadbare statements masquerading as purported facts. *Ashcroft*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996) (affirming dismissal of the plaintiff's inadequate medical care claim because the plaintiff's conclusory allegations did not rise to the level of deliberate indifference); and *White v. Kansas Dept. of Corrections*, 664 Fed. Appx. 734 (10th Cir. 2016), *unpublished* (affirming the district court's dismissal of the plaintiff's complaint because the plaintiff's unsupported allegations failed to approach the deliberate indifference standard). Here, Plaintiff has failed to plead sufficient facts to establish either the objective or the subjective prong of the deliberate

indifference test. Accordingly, Plaintiff's claims against Turn Key related to Mr. Gonzalez's alleged conditions of confinement within the OCDC should be dismissed pursuant to the Federal Rule of Civil Procedure 12(b)(6).

## III. PROPOSITION II: PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

### A. Turn Key is immune from liability under the Governmental Tort Claims Act.

Defendant Turn Key is immune from liability under the Oklahoma Governmental Tort Claims Act (OGTCA), Okla. Stat. tit. 51, § 151, *et seq*. The OGTCA is the exclusive method for asserting liability against a state, political subdivision, or their employees. *See* Okla. Stat. tit. 51, § 153(B). The OGTCA provides that "[t]he state, its political subdivisions, and all of their employees ... shall be immune from liability for torts." Okla. Stat. tit. 51, § 152.1. "[L]icensed medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees" are considered employees under the OGTCA. *Okla. Stat.* tit. 51, § 152(7)(b)(7). The Oklahoma Supreme Court has squarely addressed the specific issue of whether Turn Key is immune from liability pursuant to the provisions of the OGTCA. *See Barrios v. Haskell Cty. Pub. Facilities Auth.*, 2018 OK 90, ¶ 1, 432 P.3d 233, 241. In *Barrios v. Haskell Cty. Pub. Facilities Auth.*, the Oklahoma Supreme Court assumed that a corporate healthcare provider and its staff would count as "employees" under § 152(7)(b). *Barrios v. Haskell Cty. Pub. Facilities Auth.*, 432 P.3d 233, 236 n.5 (Okla. 2018). In doing so, the court noted that "[g]enerally speaking, the staff of a healthcare contractor at a jail are 'employees' who are entitled to tort immunity under the GTCA." *Id.* Relying on *Barrios*, judges in Oklahoma federal

district courts have repeatedly held corporate medical providers, including Turn Key, to be "employees". *See Burke v. Regalado*, No. 18-CV-231-GKF-FHM, 2019 WL 1371144, at *2–3 (N.D. Okla. Mar. 26, 2019); *Prince v. Turn Key Health Clinics, LLC*, No. 18-CV-282-CVE-JFJ, 2019 WL 238153, at *9 (N.D. Okla. Jan. 16, 2019) (finding "persuasive the [*Barrios*] court's reasoning for assuming that Turn Key is an 'employee'" which is, "therefore, immune from tort liability"); *Holland v. Glanz*, 16-CV-349-JED-JFJ, 2019 WL 4781869 (N.D. Okla. Sept. 30, 2019); *Strain v. Armor Corr. Health Care Servs., Inc.*, No. 19-CV-527-JED-FHM, 2020 WL 5026548, at *1 (N.D. Okla. Aug. 25, 2020).

Therefore, pursuant to these rulings and the plain language of Sections 152(7)(b)(7), 153(A), and 155(25) of the OGTCA, Defendant Turn Key, and its actors, are immune from liability for tort claims as a matter of law, and any such claims of medical negligence against Defendant Turn Key, and its actors, that potentially made in Plaintiff's Complaint should be dismissed with prejudice to refiling.

## CONCLUSION

Dismissal of all of Plaintiff's claims against Turn Key Health Clinics, LLC is appropriate at this time as Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

**WHEREFORE**, Defendants pray that this Court grants its joint motion and dismiss this action against it.

Respectfully submitted,

*s/ Kristin Siegel*
Alexandra G. Ah Loy, OBA #31210
Timothy F. Campbell, OBA #30513
Kristin Siegel, OBA #32871
HALL BOOTH SMITH, P.C.
6301 Waterford Blvd, Ste 200
Oklahoma City, OK 73118
Telephone: (405) 513-7111
Facsimile: (405) 768-1414

*Attorneys for Defendant Turn Key Health Clinics, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on the 10th day of July, 2025, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Cameron Spradling cameron@cameronspradling.com
Rodney J. Heggy rod.heggy@oklahomacounty.org

*s/ Kristin Siegel*
Kristin Siegel