IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA SUE GONZALEZ, | ) |
| Plaintiff, | ) ) ) ) |
| v. | )  Case No. CIV-25-742-PRW |
| OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

On October 31, 2025, United States Magistrate Judge Shon Erwin issued a Report and Recommendation (Dkt. 19) in this action, in which he recommends that the Court (1) deny in part Defendant Turn Key Health Clinics' Motion to Dismiss (Dkt. 8) Plaintiff's federal claim and find Plaintiff has stated a valid Eighth Amendment claim against Defendant Turnkey for deliberate indifference to serious medical needs and unconstitutional conditions of confinement and (2) grant Defendant's Motion insofar as it seeks to dismiss the state negligence claim. Judge Erwin advised the parties of their right to object to the Report and Recommendation by November 17, 2025, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, and that failure to make a timely objection would waive any right to appellate review of the factual and legal issues addressed in the Report and Recommendation.

To date, neither party has filed an objection. They both have therefore waived their right to appellate review of the Report and Recommendation.[1] In the absence of a timely objection, the Court reviews the Report and Recommendation to confirm that there is no plain error on the face of the record.[2] Having done so, the Court agrees with Judge Erwin's analysis and conclusions.

Judge Erwin recommends that the Court dismiss Plaintiff's state negligence claim against Turn Key because it is immune under the Oklahoma Governmental Tort Claims Act."[3] But a court should only dismiss "a pro se complaint for failure to state a claim" where "it would be futile to give him an opportunity to amend."[4] While Plaintiff has not yet attempted to amend her complaint, the Report and Recommendation does not address whether such amendment would be futile.

In light of that, the Court finds that it would be futile to give Plaintiff an opportunity to amend her complaint as to her state negligence claim against Turn Key.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 19), **DENIES IN PART** and **GRANTS IN PART** Defendant Turn Key's Motion to Dismiss (Dkt. 8), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law negligence claim against Defendant Turn Key.

---

[1] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).

[2] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

[3] R. & R. (Dkt. 19), at 20.

[4] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018).

**IT IS SO ORDERED** this 19th day of December 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

3