**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANITA SUE GONZALEZ, Individually and in her capacity as the Personal Representative of the Estate of LUIS ALBERTO GONZALEZ, JR., deceased,<br><br>Plaintiff,<br><br>v.<br><br>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY; BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF OKLAHOMA, TURN KEY HEALTH CLINICS, LLC<br><br>Defendants. | ) | Case No. 5:25-cv-00742-PRW |

---

**DEFENDANT TURN KEY HEALTH CLINICS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT[1]**

---

COMES NOW, Defendant Turn Key Health Clinics, LLC, d/b/a TK Health (hereinafter "Defendant" or "TK Health"), and for its Answer to Plaintiff's Complaint (ECF No. 1-2), states as follows. Defendant denies generally and specifically each and every material allegation contained in Plaintiff's Complaint expect such allegations as are herein specifically admitted:

1. With regard to Paragraph 1 of Plaintiff's Complaint, including Footnote 1,

---

[1] This matter was initiated in the District Court in and for Oklahoma County by way of a Petition filed on December 16, 2024. It was removed on July 3, 2025 (ECF No. 1). For sake of clarity, Defendant will refer to Plaintiff's state court Petition (ECF No. 1-2) as a "Complaint" throughout this Answer.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

2. With regard to Paragraph 2 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

3. With regard to Paragraph 3 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

4. With regard to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, Defendant admits that it is a limited liability company doing business in Oklahoma County, Oklahoma, and that at times relevant to Plaintiff's Complaint, it contracted with the Oklahoma County Criminal Justice Authority ("OCCJA") to provide health services within the Oklahoma County Jail, as set forth with specificity within the contracts and amendments entered between these agencies and TK Health. TK Health denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. With regard to Paragraph 5 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or

knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

6. With regard to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits that jurisdiction and venue are proper in the United States District Court for the Western District of Oklahoma. Defendant denies all remaining allegations, including but not limited to any allegations that it or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate. Defendant specifically denies that it violated the rights of any detainee and/or inmate, including Luis Alberto Gonzalez, Jr. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the "moving force" behind any alleged violations of Mr. Gonzalez's constitutional rights.

7. With regard to Paragraph 7 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

8. With regard to Paragraph 8 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are

admitted.

10. With regard to Paragraph 10 of Plaintiff's Complaint, Defendant admits personal jurisdiction is proper as to this Defendant in the United States District Court for the Western District of Oklahoma. The remainder of the allegations contained in Paragraph 10 of Plaintiff's Complaint are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

11. With regard to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits that jurisdiction and venue are proper in the United States District Court for the Western District of Oklahoma. Defendant denies all remaining allegations, including but not limited to any allegations that it or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate. Defendant specifically denies that it violated the rights of any detainee and/or inmate, including Luis Alberto Gonzalez, Jr. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the "moving force" behind any alleged violations of Mr. Gonzalez's constitutional rights.

12. With regard to Paragraph 12 of Plaintiff's Complaint, Defendant admits venue is proper as to this Defendant in the United States District Court for the Western District of Oklahoma. The remainder of the allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without

sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

13. There are no allegations contained within Paragraph 13 of Plaintiff's Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates its previously stated answers to Paragraphs 1–12 of Plaintiff's Complaint in response to Paragraph 13.

14. With regard to Paragraphs 14-25 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

15. With regard to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

16. With regard to Paragraphs 27-56 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

17. With regard to Paragraphs 57-58 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

18. With regard to Paragraphs 59-61 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

19. With regard to Paragraph 62 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

20. With regard to Paragraphs 63-64 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

21. With regard to the allegations contained in Paragraphs 65-66 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically,

Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

22. With regard to Paragraphs 67-72 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

23. With regard to the allegations contained in Paragraphs 73-74 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-

prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

24. With regard to the allegations contained in Paragraphs 75-79 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

25. With regard to Paragraph 80 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

26. With regard to the allegations contained in Paragraph 81 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part

of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

27. With regard to Paragraphs 82-84 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

28. With regard to Paragraph 85 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

29. With regard to the allegations contained in Paragraphs 86-88 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional

violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

30. With regard to Paragraphs 89-90 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

31. With regard to the allegations contained in Paragraph 91 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure,

practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

32. With regard to Paragraph 92-94 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

33. With regard to Paragraph 95 of Plaintiff's Complaint, and all footnotes referenced therein, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

34. With regard to Paragraph 96 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

35. With regard to Paragraph 97 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

36. With regard to the allegations contained in Paragraph 98 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional

policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

37. With regard to Paragraph 99 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

38. With regard to Paragraph 100 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

39. With regard to Paragraphs 101-106 of Plaintiff's Complaint, and all footnotes referenced therein, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

40. With regard to Paragraphs 107-111 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied.

41. With regard to the allegations contained in Paragraphs 112-114 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

42. With regard to Paragraphs 115-117 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

43. With regard to the allegations contained in Paragraph 118 of Plaintiff's

Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

44. Paragraph 119 of Plaintiff's Complaint does not contain any factual allegations. To the extent there are any factual allegations contained in this Paragraph, the same are denied.

45. With regard to the allegations contained in Paragraphs 120-124 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-

prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

46. With regard to Paragraphs 125-130 of Plaintiff's Complaint, and all footnotes referenced therein, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, such allegations are denied.

47. There are no allegations contained within Paragraph 131 of Plaintiff's Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates its previously stated answers to Paragraphs 1–130 of Plaintiff's Complaint in response to Paragraph 131.

48. With respect to the allegations contained within Paragraphs 132-175 of Plaintiff's Complaint, and all footnotes referenced therein, the allegations contained therein are not directed at this Defendant; therefore, no answer is required. If such allegations are intended to be directed at this Defendant, then Defendant is without sufficient information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time. Specifically, Defendant denies that it or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate, including Mr. Gonzalez. Defendant specifically denies that it violated the rights of any inmate. Defendant further denies that any act or omission on its part proximately caused any injury or damage to any inmate, including Mr. Gonzalez. Defendant denies that

it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm.

49. There are no allegations contained within Paragraph 176 of Plaintiff's Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates its previously stated answers to Paragraphs 1–175 of Plaintiff's Complaint in response to Paragraph 176.

50. With regard to the allegations contained in Paragraphs 177-195 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the "moving force" behind Mr. Gonzalez's alleged constitutional violation.

51. With regard to the allegations contained in Paragraphs 196-199 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. The case

regarding Mr. Autry was filed against TK Health and the allegations from that lawsuit were copied and pasted by Plaintiff here. That lawsuit was dismissed by the Court and no findings of fact or judgement were made against TK Health. Mr. Autry came into Cleveland County Jail with a history of traumatic brain injury as a juvenile. Mr. Autry complained of sinus infection and medical staff sent him to Norman Regional Hospital for treatment. Norman Regional Hospital performed imaging of his head and cleared him to come back to jail. After returning to jail, Mr. Autry's condition did not improve and was sent back to Normal Regional Hospital where further work up revealed an infection. None of TK Health's care was deliberately indifferent or negligent. Defendant denies that it maintained any policy, custom, or practice which was the moving force behind his alleged constitutional violation or injury.

52. With regard to the allegations contained in Paragraph 200 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. With respect to allegations regarding Mr. Huff, the onsite nurse was a former employee of Garfield County Detention Center, whom Garfield County Detention Center insisted TK Health employ. TK Health was not on site full time at that facility. Detention staff placed Mr. Huff in restraint chair and failed to follow Oklahoma law regarding their use of the restraint chair. To Defendant's knowledge, there were criminal indictments related to Mr. Huff's treatment at Garfield County Detention Center. The above mentioned nurse violated TK Health's policies and procedures on follow ups related to Mr. Huff. Nor did detention staff did not perform follow ups with regard to Mr. Huff. Had they followed the pertinent policies and procedures, Mr. Huff's injury would not have occurred. Defendant denies that it maintained

any policy, custom or practice which was the moving force behind his injury.

53. With regard to the allegations contained in Paragraphs 201 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Mr. Lee. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind his alleged constitutional violation or injury.

54. With regard to the allegations contained in Paragraph 202 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Defendant further denies that it or any of its employees acted with deliberate indifference to the health and needs of any inmate, including Mr. Gonzalez. Defendant specifically denies that it violated the rights of any inmate. Defendant further denies that any act or omission on its part proximately caused any injury or damage to any inmate, including Mr. Gonzalez. Defendant denies that it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm.

55. With regard to the allegations set forth in Paragraph 203 of Plaintiff's Complaint, Defendant denies all allegations contained therein and specifically asserts that Michael Edwin Smith died of metastasized prostate cancer after incarceration, which was not due to any alleged act and/or omission of TK Health or its employees. Further, and importantly, there was no finding of fact in that case.

56. With regard to the allegations set forth in Paragraph 204 of Plaintiff's Complaint, Defendant denies all allegations contained therein and specifically asserts that on June 8, 2022, the Eastern District of Oklahoma entered summary judgment in Defendant's favor in a lawsuit making the allegations set forth in Paragraph 204 of Plaintiff's Complaint incorrect. *See* ECF Doc. 220 and 221 in Case No. 6:18-cv-00171-JFH. The grant of summary judgment in favor of Defendant Turn Key was affirmed on appeal to the Tenth Circuit. Defendant further denies that it or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate, including James Douglas Buchanan. Defendant specifically denies that it violated the rights of any inmate. Defendant further denies that any act or omission on its part proximately caused any injury or damage to any inmate, including Mr. Buchanan. Defendant denies that it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Buchanan, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Moreover, Defendant affirmatively asserts its right to seek sanctions in the future and recover attorney's fees and costs related to Plaintiff's counsel multiplying these proceedings based on knowingly false allegations. *See* 28 U.S.C. § 1927; *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.,* 766 F. Supp. 2d 1188, 1200-1202 (N.D. Okla. Jan. 21, 2011) (Awarding attorney's fees under 28 U.S.C. § 1927 where Plaintiff "put defendant…to the trouble and expense of extensive motion practice and also required considerable time and attention" despite being "on notice" that its claim was insupportable); *Morganroth & Morganroth v. DeLorean,* 213 F.3d 1301, 1317

(10th Cir. 2000); and Fed. R. Civ. P. 11(c)(3).

57. With regard to the allegations contained in Paragraphs 205-207 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Mr. Lee or Mr. Gonzales. Defendant further denies that any act or omission on its part or on the part of its agents and/or employees proximately caused any injury or damage to any inmate, including Mr. Buchanan or Mr. Gonzalez. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind his alleged constitutional violation or injury.

58. With regard to the allegations contained in Paragraph 208 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Ms. Kessee. Defendant further denies that any act or omission on its part or on the part of its agents and/or employees proximately caused any injury or damage to any inmate, including Ms. Kessee. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation or injury. Further, there were no findings or fact or judgment against any defendant in that matter.

59. With regard to the allegations contained in Paragraphs 209-226 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional

policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the "moving force" behind Mr. Gonzalez's alleged constitutional violation.

60. With regard to the allegations contained in Paragraph 227 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the "moving force" behind Mr. Gonzalez's alleged constitutional violation.

61. With respect to the allegations contained in Paragraph 228 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Defendant further denies

that it or any of its employees acted with deliberate indifference to the health and needs of any inmate, including Mr. Gonzalez. Defendant specifically denies that it violated the rights of any inmate. Defendant further denies that any act or omission on its part proximately caused any injury or damage to any inmate, including Mr. Gonzalez. Defendant denies that it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm.

62. With respect to the allegations contained in Paragraphs 229-234 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Defendant further denies that it or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate, including Mr. Gonzalez. Defendant specifically denies that it violated the rights of any inmate. Defendant further denies that any act or omission on its part proximately caused any injury or damage to any inmate, including Mr. Gonzalez. Defendant denies that it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm.

63. With regard to the allegations contained in Paragraphs 235-242 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Ms. Sullivan. Defendant also denies that it maintained any policy,

custom or practice which was the moving force behind her alleged constitutional violation or injury.

64. With regard to the allegations contained in Paragraphs 243-269 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Mr. Stewart. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind his alleged constitutional violation or injury.

65. With regard to the allegations contained in Paragraphs 270-280 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Mr. Davis. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind his alleged constitutional violation or injury.

66. With regard to the allegations contained in Paragraphs 281-285 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Mr. Price. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind his alleged constitutional violation or injury. Further, TK Health was not contracted to provide mental health services to Sebastian County Adult Detention Center and was not involved in mental health services. Mr. Price passed away because the agency who was contracted to provide mental health

services did not provide him care. TK Health staff was not aware of his serious medical condition until the day he was found nonresponsive.

67. With regard to the allegations contained in Paragraphs 286-303 of Plaintiff's Complaint, and all footnotes referenced therein, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Mr. Stith. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind his alleged constitutional violation or injury.

68. With regard to the allegations contained in Paragraph 304 of Plaintiff's Complaint, and all footnotes contained therein, Defendant denies all allegations contained therein as worded. TK Health further denies it or any of its employees and/or agents acted with deliberate indifference to the health and needs of Ms. Hanchett. Defendant also denies that it maintained any policy, custom or practice which was the moving force behind her alleged constitutional violation or injury.

69. With regard to the allegations contained in Paragraphs 305-325 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Defendant specifically states that it appropriately staffs facilities it is contracted with to provide medical and nursing services. Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant further denies that it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation. Defendant further denies all allegations, including but not limited to any allegations that it

or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate.

70. With regard to Paragraphs 326-327 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

71. With regard to the allegations contained in Paragraphs 328-329 of Plaintiff's Complaint, and all footnotes contained therein, Defendant denies all allegations contained therein. Defendant specifically states that it appropriately staffs facilities it is contracted with to provide medical and nursing services. Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant further denies that it maintained any policy, custom or practice which was the moving force behind the alleged constitutional violation. Defendant further denies all allegations, including but not limited to any allegations that it or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate.

72. With regard to Paragraphs 330-331 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

73. There are no allegations contained within Paragraph 332 of Plaintiff's Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates its previously stated answers to Paragraphs 1–331 of Plaintiff's Complaint in response to Paragraph 332.

74. With regard to the allegations contained in Paragraphs 333-337 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

75. There are no allegations contained within Paragraph 338 of Plaintiff's Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates its previously stated answers to Paragraphs 1–337 of Plaintiff's Complaint in response to Paragraph 338.

76. With regard to Paragraphs 339-342 of Plaintiff's Complaint, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations

are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

77. With regard to the allegations contained in Paragraphs 343-349 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

78. There are no allegations contained within Paragraph 350 of Plaintiff's Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates its previously stated answers to Paragraphs 1–349 of Plaintiff's Complaint in response to Paragraph 350.

79. With regard to the allegations contained in Paragraphs 351-354 of Plaintiff's Complaint, Defendant denies all allegations contained therein. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its

employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

80. With regard to the allegations contained in Paragraphs 355-367 of Plaintiff's Complaint, Defendant denies all allegations contained therein as worded. Specifically, Defendant denies any and all allegations of deliberate indifference on its part or on the part of its employees and/or agents. Defendant denies that it maintained any unconstitutional policy, custom or practice which was the moving force behind the alleged constitutional violation. Rather, Defendant states that the treatment of all inmates, including Mr. Gonzalez, was at all times and in every manner appropriate and within applicable standards of care and caused no harm. Defendant denies any and all allegations with under-prescribing and/or under-administering medications. Defendant denies creating any risk to the health and safety of inmates, including Mr. Gonzalez. Defendant further denies that it maintained any constitutionally deficient policy, procedure, practice, or custom which was the moving force behind Mr. Gonzalez's alleged constitutional violation.

81. There are no allegations contained within Paragraph 368 of Plaintiff's

Complaint; therefore, no answer is required. In an abundance of caution, however, Defendant re-incorporates its previously stated answers to Paragraphs 1–367 of Plaintiff's Complaint in response to Paragraph 368.

82. Defendant asserts that the negligence claims raised within Paragraphs 368-376 of Plaintiff's Complaint have been dismissed by this Court. *See* ECF Docs 19 and 20.

83. Regarding the *Ad Damnum* ("WHEREFORE") Paragraph of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to the relief sought therein and denies the applicability of punitive damages. Defendant further denies that it or any of its employees and/or agents acted with deliberate indifference to the health and needs of any inmate, including Mr. Gonzalez. Defendant specifically denies that it violated the rights of any inmate, including Mr. Gonzalez. Defendant further denies that any act or omission on its part proximately caused any injury or damage to any inmate, including Mr. Gonzalez. Defendant further denies that it provided inappropriate care or treatment to Mr. Gonzalez, that it denied Mr. Gonzalez access to treatment, that medical personnel were aware of any risk of serious harm to Mr. Gonzalez caused by his medical condition, or that Defendant TK Health maintained any such allegedly deficient "custom and practice" that proximately caused any harm to Mr. Gonzalez or any other patient. Furthermore, Defendant generally and specifically denies all allegations and prayers for relief contained in Plaintiff's *Ad Damnum* ("WHEREFORE") Paragraph of her Complaint. As discovery has not begun, Defendant reserves the right to amend its Answer in any particular way or to add any affirmative defenses as more information becomes available through the discovery process.

## AFFIRMATIVE DEFENSES

For affirmative defenses, Defendant alleges and states as follows:

I. Plaintiff's Complaint fails to state a claim against this Defendant on any grounds which relief can be granted.

II. Neither Defendant nor its employees and/or agents were deliberately indifferent with respect to Mr. Gonzalez.

III. Defendant affirmatively asserts its right to seek sanctions in the future and recover attorney's fees and costs related to Plaintiff's counsel multiplying these proceedings based on knowingly false allegations. *See* 28 U.S.C. § 1927; *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.*, 766 F. Supp. 2d 1188, 1200-1202 (N.D. Okla. Jan. 21, 2011) (Awarding attorney's fees under 28 U.S.C. § 1927 where Plaintiff "put defendant…to the trouble and expense of extensive motion practice and also required considerable time and attention" despite being "on notice" that its claim was insupportable); *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1317 (10th Cir. 2000); and Fed. R. Civ. P. 11(c)(3).

IV. This Defendant did not cause or participate in any violation of Mr. Gonzalez's constitutional rights.

V. The constitutional rights of Mr. Gonzalez were not violated.

VI. Defendant denies that it or any of its employees and/or agents are guilty of any type of professional negligence or misconduct in the care and treatment of Mr. Gonzalez. Additionally, Defendant states that all care given to Mr. Gonzalez was at all times reasonable and within the applicable standards of care.

VII. Failure to mitigate damages.

VIII. Defendant did not create, cause, implement, or enforce a policy or custom or practice that was the moving force behind Plaintiff's and/or Mr. Gonzalez's alleged injuries.

IX. Plaintiff has failed to adequately set forth any facts to indicate a custom or practice of this Defendant acting with deliberate indifference toward the constitutional rights of any inmates.

X. Punitive damages have not been properly pled and are inapplicable. Additionally, imposition of punitive damages against this Defendant would be improper, unconstitutional and would violate the rights of this Defendant under the United States Constitution and the Oklahoma Constitution. Any claim for punitive damages by the Plaintiff is barred and limited by section 9.1 of Title 23 of the Oklahoma Statutes.

XI. Any and all care and treatment provided to Mr. Gonzalez was provided in good faith.

XII. Any damages allegedly suffered by the Plaintiff and/or Mr. Gonzalez were caused by the voluntary assumption of the risk by Mr. Gonzalez.

XIII. Failure to join a party.

XIV. Any damages allegedly suffered by the Plaintiff and/or Mr. Gonzalez were caused by the acts of negligence of a person, or persons other than this Defendant, over whom this Defendant exercised no control or supervision.

XV. Any damages allegedly suffered by the Plaintiff and/or Mr. Gonzalez were caused by intervening or supervening causes for which this Defendant is not responsible.

XVI. Any damages allegedly suffered by the Plaintiff and/or Mr. Gonzalez were

the result of unforeseeable or unavoidable complications due to the underlying conditions of Mr. Gonzalez, for which this Defendant is not responsible.

XVII. Any damages allegedly suffered by the Plaintiff and/or Mr. Gonzalez were caused by a pre-existing or post-developing, unrelated medical condition, disease, illness, or infection of Mr. Gonzalez for which this Defendant is not responsible.

XVIII. Defendant generally and specifically adopts any and all affirmative defenses available under the United States Constitution, the Oklahoma Constitution, common law, or statutory law.

XIX. Defendant denies any agency, employee, *respondeat superior* or similar claims in Plaintiff's Complaint.

XX. Plaintiff lacks the capacity to sue.

XXI. Statute of limitations.

XXII. Release.

XXIII. Waiver.

XXIV. Laches.

XXV. Setoff.

XXVI. Contribution.

XXVII. All policies, practices and customs used by this Defendant with regard to the Plaintiff, Plaintiff's decedent, and this Complaint are constitutional.

XXVIII. This Defendant did not breach any legal duty to the Plaintiff and/or Mr. Gonzalez.

XXIX. Defendant asserts that it is immune from liability arising out of state

common law negligence and/or wrongful death claims under the Oklahoma Governmental Tort Claims Act.

XXX. Defendant asserts that it is immune from liability arising out of Covid-19 measures under the PREP Act, 76 O.S. § 5.9, and the Oklahoma COVID-19 Public Health Emergency Limited Liability Act.

XXXI. But for Plaintiff's counsel's knowingly false allegations, Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

XXXII. This Defendant specifically reserves the right to amend this Answer and to raise additional affirmative defenses pending completion of discovery and submission of a Pretrial Order.

XXXIII. Defendant demands a jury trial.

WHEREFORE, having answered, Defendant, Turn Key Health Clinics, LLC, d/b/a TK Health prays that the Plaintiff take nothing by reason of her Complaint and that it be dismissed herein, with expense, costs and such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

/s/ Kristin S. Siegel
Alexandra G. Ah Loy, OBA #31210
Timothy F. Campbell, OBA #30513
Kristin M Siegel, OBA #32871
HALL BOOTH SMITH, P.C.
6301 Waterford Blvd, Ste 200
Oklahoma City, OK 73118
Telephone: (405) 513-7111
Facsimile: (405) 768-1414

*Attorneys for Defendant Turn Key Health Clinics, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on the 2nd day of January, 2025, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Cameron Spradling | cameron@cameronspradling.com |
| Katelyn A. Elrod | katelyn@cameronspradline.com |
| Rodney J. Heggy | rod.heggy@oklahomacounty.org |

/s/ Kristin M. Siegel
Kristin M. Siegel