UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Anita S. Gonzalez as PR of<br>Estate of Luis Alberto Gonzalez,<br><br>Plaintiff, | ) | |
| v | ) | No. CIV-2025-0742-PRW |
| Oklahoma County Criminal<br>Justice Authority,<br>Board of County Commissioners<br>of Oklahoma County<br>Turn Key Health Clinics, LLC<br>Does 1-30,<br><br>Defendants | ) | |

MOTION FOR SUMMARY JUDGMENT
ON JURISDICTIONAL GROUNDS BY
DEFENDANT, OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY

In Plaintiff's Original Petition [ECF1-2] filed December 16, 2024, in Oklahoma County District Court No. CJ-2024-8093[1], Plaintiff Anita Sue Gonzalez brought the lawsuit in her "individual capacity" and as the "Personal Representative" of the Estate of Luis Alberto Gonzalez, Jr. Original Petition at 1 (caption and introduction) and ¶1 [ECF 1-2]. *No court has ever appointed her to that fiduciary position*. Nevertheless, the Defendant, Oklahoma County Criminal Justice Authority, relying on the representation, filed an Answer. [ECF 11]. OCCJA correctly recited in the Answer that ¶1 of the Original Petition containing

[1] It is appropriate to take judicial notice of the public records of the courts of Oklahoma. *See, Chambray v Garfield County Jail*, 2015 WL4911202, FN 1 (WD Okla.), relying on *United States v Pursley*, 577 F3d 1204, 1214 n. 6 (10th Cir. 2009).

the apparently false representation was "unknown" and "strict proof of same was demanded."

Because this issue has arisen in other cases, a search of oscn.net was done and revealed no probate action has been filed in Oklahoma County on behalf of the Estate of Gonzalez. The other cases in which this lack of capacity and lack of standing issue has arisen are *Estate of Eddie Garcia v Oklahoma County Criminal Justice Authority*, CIV-2026-1160-PRW; *Estate of Christopher Kliewer v Oklahoma County Criminal Justice Authority*, CIV-26-1401-D; *Estate of Corey James McMichael v Oklahoma County Criminal Justice Authority*, CIV-2026-1658-G; *Estate of Paulin v Oklahoma County Criminal Justice Authority*, CIV-2026-2199-J.

Like in the other four cases listed above, the Statute of Limitation was not tolled by Plaintiff's Original Petition [ECF1-2] filed December 16, 2024, in Oklahoma County District Court No. CJ-2024-8093. Like in the other four cases, as a matter of law, the lack of capacity to sue and lack of standing, deprived every Court of jurisdiction as a matter of law and because the Statute of Limitations was not tolled.

UNCONTESTED FACTS SUPPORTING SUMMARY JUDGMENT

1. Anita Sue Gonzalez represented in the Original Petition [ECF 1-2] that she was bringing the lawsuit in her "individual capacity."

2. Anita Sue Gonzalez represented in the caption and introduction, as well as ¶1 of the Original Petition that she was bringing the lawsuit "in her capacity

as the Personal Representative of the Estate of Luis Alberto Gonzalez, Jr., deceased." *Id*.

3. A probate action for the Estate of Luis Alberto Gonzalez, Jr. was not filed or an appointment made prior to the representation Plaintiff was the Personal Representative in CJ-2024-8093. *See, oscn.net*.

4. Since December 16, 2024, no probate action has been filed and no appointment of Anita Sue Gonzalez as Personal Representative has ever been made.

5. No other person has been appointed Personal Representative of the Estate of Luis Alberto Gonzalez, Jr.

6. The date of death of Luis Alberto Gonzalez, Jr. was December 21, 2022.

7. The Statute of Limitations ran on December 23, 2022 (adding two days for the weekend).

## ARGUMENT AND AUTHORITIES

## STANDARDS OF REVIEW

When the court is faced with any motion invoking Rule 12(b)(1), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case. *Bell v Hood*, 327 US 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the

party asserting jurisdiction." *Kokkonen v Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). To survive a motion for summary judgment for lack of jurisdiction, Plaintiff must allege sufficient uncontested material facts to meet both Article III standing and prudential standing. *See Wyoming v U.S. Dep't of the Interior*, 674 F3d 1220, 1230-31 (10th Cir. 2012); FRCP 12(b)(1).

"Summary judgment is appropriate if there is no genuine issue of material fact and the moving parties are entitled to judgment as a matter of law. *Celotex Corp. v Catrett*, 477 US 317, 322, (1986); FRCP 56(c). To withstand summary judgment, the nonmoving party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.' " *Matsushita Elec. Indus. Co. v Zenith Radio Corp.*, 475 US 574, 587, (1986) (quoting Rule 56(e) (emphasis added))." *Patel v Wooten*, 15 Fed. Appx. 647, 649-650 (10th Cir. 2001).

The statute of limitations for actions filed "by a person based on facts that occurred while the person was an inmate" is one year. 12 OS §95(A)(11); *Turner v Oklahoma County Board of County Commissioners, et al.*, 804 Fed. Appx. 921, 927 (10th Cir. 2020). The personal injury statute of limitations from the state in which the incident occurs governs 42 USC §1983 cases. *Wilson v Garcia*, 471 US 261 (1985). Alternatively, in the State of Oklahoma, the statute of limitations for personal injury is two (2) years. 12 OS §95(3).

## I. PLAINTIFF'S §1983 CLAIMS AGAINST DEFENDANT OCCJA MUST BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING AND LEGAL CAPACITY TO BRING SUCH CLAIMS

Standing is a jurisdictional requirement, and a trial court acquires no subject-matter jurisdiction over a suit instituted by one who lacks standing. *Velez v City of Colo. Springs,* 2021 US App. LEXIS 37529 (10th Cir. 2021) (unpublished); *Colorado Outfitters Ass'n v Hickenlooper*, 823 F3d 537, 542, 543 n.5, 555 (10th Cir. 2016) (remanding case to district court to dismiss for lack of jurisdiction where district court proceeded to assess the merits of a case based on "some generous assumptions" about jurisdiction and emphasizing that a ruling based on incorrect assumptions about jurisdiction "is no ruling at all"). “In every federal case, the party bringing the suit must establish standing to prosecute the action.” *Elk Grove Unified Sch. Dist. v Newdow,* 52 US 1, 11 (2004).

Standing includes two strands: "Article III standing, which enforces the Constitution's case-or-controversy requirement," and "prudential standing which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified Sch. Dist.,* at 11. For Article III standing, a plaintiff must have suffered an injury-in-fact fairly traceable to the defendant and redressable by a favorable judgment. *Spokeo, Inc. v Robins,* 578 US 330, 339 (2016). Prudential standing "encompasses various limitations, including 'the general prohibition on a litigant's raising another person's legal rights.'” *Wilderness Soc'y v Kane Cty.*, 632 F3d 1162, 1169 (10th Cir. 2011). The question of prudential standing is often resolved by the nature and source of the claim. *Id*. "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's

position a right to judicial relief." *Id.* Ultimately, every "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *See Davis v Fed. Election Comm'n.* 554 US 724, 734 (2008). This is not a mere pleading requirement; rather, it is an indispensable part of the case. *Colorado Outfitters Ass'n,* 823 F3d at 544. Plaintiff cannot demonstrate capacity or standing in this case.

## A. PLAINTIFF MISREPRESENTED HER STATUS AS PERSONAL REPRESENTATIVE OF HER SON'S ESTATE AND HAS NO LEGAL AUTHORITY TO SUE

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v Seldin*, 422 US 490, 498 (1975). "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v Defenders of Wildlife*, 504 US 555, 560 (1992). To establish standing, a plaintiff must demonstrate an injury-in-fact that is traceable to the defendant and redressable by the Court. *Lujan*, 504 US at 560; *Warth*, 422 US at 499 citing *Linda R.S. v Richard D*., 410 US 614, 617 (1973) ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action."). "The most elemental requirement of adversary litigation is that there be two or more parties. *There must be a real plaintiff at the inception of the suit*. . . ." *House v Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019) (emphasis added) (quoting Wright & Miller, §3530); *see also, Dohaish v Tooley*,

670 F2d 934, 937 (10th Cir. 1982) (quoting *Warth v Seldin*, 422 US 490, 498 (1975).

Absent a plaintiff with legal existence, there can be no Article III case or controversy." *House v Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019). A plaintiff needs to exist in order to suffer a "distinct and palpable injury" to establish Article III standing. *See, Hunt v Washington State Apple Advert. Comm'n*, 432 US 333, 342, (1977). Further, a plaintiff must prove she has standing to establish subject matter jurisdiction. *Symes v Harris,* 472 F3d 754, 758 (10th Cir. 2006). Without an entity-plaintiff establishing its legal existence, the non-existent plaintiff cannot prove an injury sufficient to confer Article III standing or the existence of subject matter jurisdiction over the matter at hand. *See, House*, 796 F. App'x at 787. That is, "if there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised." *Rawoof v Texor Petroleum Co.,* 521 F3d 750, 756 (7th Cir. 2008). Stated differently, the standing inquiry gauges whether the plaintiff who claims to be personally harmed has a stake in the litigation and is not a mere intermeddler.

Unquestionably, when Plaintiff originally filed the Original Petition on December 16, 2024, no probate matter had been opened, no letters of testamentary or letters of administration had been issued, and no court had vested Anita Sue Gonzalez with legal authority to act for the decedent. As such, she possessed no legal authority to prosecute claims belonging to the decedent or his estate. It is axiomatic that an estate does not legally exist until a petition for letters

of administration is filed in probate court and personal representative is duly appointed. 58 OS §127. Obviously, if no probate court has vested Anita Sue Gonzalez with the authority to act on behalf of Luis Alberto Gonzalez, Jr.'s estate, then she has no standing to assert claims belonging to the decedent. *Pope v Ward*, 94 F3d 656 (10th Cir. 1996) (Unpublished Table Case) (citing *Silva v Gulf Oil Corp*., 320 P2d 711 (Okla. 1958).

In *Pope,* Darrell Pope was murdered by his cellmate at the Oklahoma State Penitentiary. His parents filed a lawsuit in federal court seeking, *inter alia,* damages for a violation of their son's constitutional rights. The district court determined that the parents lacked standing to sue under §1983 for a violation of their son's constitutional rights, and the Tenth Circuit affirmed. Looking to state law and specifically to Oklahoma's wrongful death statute to decide the standing issue, the Tenth Circuit held that a wrongful death action may only be brought by the personal representative of the estate and if there is no personal representative appointed, then by decedent's next of kin. Because the parents were not appointed as personal representatives and because Pope left a minor son, rendering the parents ineligible to serve as next of kin, the parents lacked capacity or standing to sue.

In the matter *sub judice*, Anita Sue Gonzalez falsely claimed legal authority to sue as the Personal Representative of her son's estate. However, a search of

OSCN reveals that no probate matter has been filed.[2] There is no pleading of the existence of a probate estate or an appointment in the Original Petition. Truthfully, Anita Sue Gonzalez's decision to repeatedly characterize herself as the personal representative of her son's estate is a tacit admission that this status is essential to her standing to sue on behalf of the estate. *See, Kowalski v Tesmer*, 543 US 125, 129 (2004) (A party "must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties." (internal citations omitted)); *Doyle v Okla. Bar Association*, 998 F2d 1559, 1566 (10th Cir. 1993) ("One does not have standing to assert a violation of rights belonging to another, since the person entitled to a right is the only one who can be directly injured by its deprivation.").

For this reason alone, judgment should be entered for the Defendant.

## B. THERE IS NO FACTUAL BASIS TO CONFER PRUDENTIAL STANDING

Plaintiff lacks prudential standing because she lacks legal authority to sue "as next of kin" on behalf of her son. *See, Davis v Hudson Refinery*, 498 Fed. App.'x 779 (10th Cir. 2012) (dismissing a 1983 claim filed by a son who alleged his mother's constitutional rights were violated finding that a familial relationship is insufficient to establish standing). To the contrary, a civil rights action is a personal

[2] The Court may take judicial notice of "facts which are part of its public records" and "matters that are verifiable with certainty." *St. Louis Baptist Temple, Inc. v FDIC*, 605 F2d 1169, 1172 (10th Cir. 1979).

suit, and it does not accrue to a relative, even a parent of a decedent. *See Naumoff v Old*, 167 F. Supp.2d 1250, 1252-53 (D. Kan. 2001). In other words, a 1983 claim cannot be brought as a wrongful death claim by the deceased heirs. *Id*; *Berry v Muskogee*, 900 F2d 1489 (10th Cir. 1990); *Bowen v Macy*, 2000 US Dist Lexis 23616, at 6 (WD Okla.) (Magistrate Robert E. Bacharach).

Indeed, FRCP 17(b) requires issues of capacity to be determined by the law of the individual's domicile--in this case, Oklahoma. Under Oklahoma law, a decedent's estate has no legal capacity to prosecute or defend litigation except through a duly appointed personal representative acting under authority conferred by the probate court. *See* 58 OS §§11, 121–122; *Estate of Bleeker*, 168 P3d 774, 779 (Okla. 2007) (recognizing that claims belonging to an estate generally must be brought by the personal representative because upon death the decedent's property ordinarily vests in the personal representative) (*citing State ex. rel Reirdon v County Court,* 81 P2d 488, 492 (Okla. 1938). Indeed, only the decedent's personal representative has the specific statutory authority to file and prosecute lawsuits on behalf of the estate. *See* 58 OS §252. To be sure, a person or heir must possess Letters of Testamentary or Letters of Administration issued by an Oklahoma court before such person or heir can legally represent the deceased or his estate. 84 OS. §17.

In fact, in survival actions, the case cannot proceed without a personal representative. *Pope v Ward*, 94 F3d 656 (10th Cir. 1996) (Unpublished Table Case); *see also, State ex. rel. Panter v McVea*, 571 P3d 1089, 1092-93 (Okla. Civ.

App. 2025). The Tenth Circuit has held that the "federal remedy to be applied to §1983 death cases . . . should be a survival action, brought by the estate of the deceased victim, in accord with §1983's express statement that the liability is 'to the party injured.'" *Berry v City of Muskogee*, Okla., 900 F2d 1489, 1506-07 (10th Cir. 1990) (quoting 42 USC §1983). Therefore, the capacity to sue under §1983 is controlled by the Oklahoma statutes for survival actions.

The Oklahoma Wrongful Death Statute, 12 OS §1053(A), provides that "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission." However, where "no personal representative is or has been appointed, [a wrongful death] action . . . may be brought by the widow, or where there is no widow, by the next of kin of such deceased." 12 OS §1054.

Because the wrongful death action did not exist at common law but is a creation of statute, such an action "may be pressed *only* by persons authorized to bring it." *Ouellette v State Farm Mut. Auto Ins. Co.*, 1994 OK 79, 918 P2d 1363, 1366 (Okla. 1994) (emphasis in original). As such, the individuals with the capacity to bring a wrongful death action under Oklahoma law are the personal representative of the estate, the decedent's spouse, if no personal representative has been appointed, or the decedent's next of kin, if no personal representative

has been appointed and the decedent was unmarried. *See Weeks v Cessna Aircraft Co.*, 1994 OK CIV APP 171, 895 P2d 731, 734 (Okla. Civ. App. 1994).

However, the question of who is authorized to bring wrongful death action against a *political subdivision* of the State of Oklahoma, like Defendant OCCJA, also requires review of the Government Tort Claims Act. *See* 51 OS §152(5)(c); *Carlson v City of Broken Arrow*, 844 P2d 152, 154 (Okla. 1992). The GTCA requires, when the claim involves a death, only the authorized representative has authority to file a claim, and the term "authorized representative" is defined as "an administrator, special administrator or a personal representative who shall aggregate in the claim all losses of all persons which are derivative of the death." *See* 51 OS §152(5)(c); *Carlson v City of Broken Arrow*, 844 P2d 152, 154 (Okla. 1992). As such, only a legally appointed personal representative of the estate may bring a lawsuit against Defendant OCCJA. *Kennedy v City of Talihina*, 265 P3d 757, 761 (Okla. Ct. Civ. App. 2011). In other words, under Oklahoma law, court appointed personal representative status is a condition precedent to maintaining a valid wrongful death claim. <u>See In re Estate Bleeker</u>, 168 P3d 774, 789 (Okla. 2007) (recognizing that the personal representative must bring any claim because title of an intestate's personal property ordinarily vests in the personal representative of the estate for the benefit of the beneficiaries and creditors."). In *Bleeker*, the Oklahoma Supreme Court recognized only a narrow exception permitting a beneficiary who is not the personal representative to act on behalf of the estate. That exception applies only when special circumstances—such as

fraud, collusion, or a refusal to act—make the beneficiary's intervention necessary to protect an estate asset that would otherwise be lost. *Id*. at ¶14. Even then, the beneficiary may not proceed unilaterally. The beneficiary must first file a formal application in the probate court and obtain leave to prosecute the action. *Id*. The Plaintiff herein chose impermissible self-help and, worse, false labeling.

Moreover, this case does not present a correctable real party in interest question. Indeed, Plaintiff did not merely misidentify the proper plaintiff. She affirmatively alleged that she was the personal representative of an estate despite never having been appointed by any probate court and despite the absence of any existing estate. FRCP Rule 17(a)(3) was never intended to excuse affirmative misrepresentations regarding representative capacity. *See Talkington v N.Y. Life Ins. & Annuity Corp., 2017 US Dist. LEXIS 27783,* at 3-4 (W.D. Okla. Feb. 28, 2017). Stated another way, there was no valid representative before the Court when this case was filed and therefore no statute of limitations could be tolled.

In *Talkington*, the Honorable David L. Russell explicitly addressed the issue of legal capacity at the time of filing. The court made clear that without a probate action and an appointed personal representative, the estate did not possess a legally cognizable existence under Oklahoma law. Consequently, the estate lacked the necessary capacity to be sued, and no cause of action could be asserted against the estate. This principle confirms that legal status as personal representative and the authority to bring wrongful death actions are strict prerequisites, not mere technicalities that may be remedied later in litigation.

CONCLUSION

The undisputed public record reflects that the Plaintiff was not appointed as Personal Representative as alleged and did not have capacity. Plaintiff did not have standing because the Government Tort Claims Act explicitly does not permit claims against political subdivisions like the OCCJA by anyone other than court appointed representatives. The Wrongful Death Statute, even if it does allow a next of kin to bring a wrongful death claim in the absence of an appointment, does not override the more specific Government Tort Claims Act.

Respectfully Submitted,

*/s/ Rodney J. Heggy*

Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21,539)
Oklahoma County Criminal Justice Authority
201 N. Shartel
Oklahoma City, OK 73102
Telephone: (405) 504-6243
rod.heggy@okcountydc.net
carri.remillard@okcountydc.net
ATTORNEYS FOR OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY

CERTIFICATE OF DELIVERY OR MAILING

On the date filed the foregoing was delivered by the ECF system or by deposit postage prepaid as required by the rules to counsel of record including:

Cameron Spradling
Cameron Spradling, PLLC
500 N. Walker Avenue, Suite 100
Oklahoma City, OK 73102
cameron@cameronspradling.com
ATTORNEY FOR PLAINTIFF

Alexandra G. Ah Loy

Hall Estill
100 N. Broadway Ave., Suite 2900
Oklahoma City, OK 73102
405-553-2828
aahloy@hallestill.com
ATTORNEYS FOR DEFENDANT TURN KEY HEALTH CLINICS, LLC

Yolanda K. Downing
Josh Holloway
Assistant District Attorneys
211 N. Robinson, 700 N
Oklahoma City, OK 73102
405-713-2303
Youlanda.downing@oklahomacounty.org
Josh.holloway@oklahomacounty.org
ATTORNEYS FOR BOARD OF COUNTY COMMISSIONERS

*/s/ Rodney J. Heggy*