UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Anita S. Gonzalez as PR of<br>Estate of Luis Alberto Gonzalez Jr.,<br><br>Plaintiff,<br><br>v<br><br>Oklahoma County Criminal<br>Justice Authority,<br>Board of County Commissioners<br>of Oklahoma County<br>Turn Key Health Clinics, LLC<br>Does 1-30,<br><br>Defendants | ) | No. CIV-2025-0742-PRW |

**DEFENDANT BOCC'S MOTION TO DISMISS**
**<u>FOR LACK OF STANDING AND JURISDICTION</u>**

**COMES NOW**, Defendant Board of County Commissioners of Oklahoma County (hereinafter "BOCC"), by and through the undersigned attorney, and moves this Court to issue its Order to Dismiss Plaintiff's claims against Defendant BOCC for Lack of Standing and Jurisdiction.

Plaintiff, Anita Sue Gonzalez brought this action individually and in her capacity as the Personal Representative of the Estate of Luis Alberto Gonzalez, Jr,. by filing an Original Petition in the District Court of Oklahoma County Case Number CJ-2024-8093 alleging that Defendant BOCC is municipally liable for the death of her son Luis Alberto Gonzalez, Jr,. Relying on Plaintiff's statements in her Petition, Defendant BOCC answered the Petition on July 23, 2025. [Doc. 10]. After reviewing the Motion for Summary

Judgment on Jurisdiction that was filed by Defendant, Oklahoma County Criminal Justice Authority, (OCCJA) [Doc. 41] Counsel for BOCC also conducted a search on oscn.net and confirmed that no probate had ever been filed in Oklahoma on behalf of the Estate of Luis Alberto Gonzalez, Jr. by Anita Sue Gonzaleza nor anyone else. Therefore, this Court lacks jurisdiction over Plaintiff's claims as such, Defendant BOCC is entitled to dismissal pursuant to rule 12 of the Federal Rules of Civil Procedure.

**UNDISPUTED FACTS**

1. Luis Alberto Gonzalez, Jr. Died on December 21, 2022. (Doc. 1-2 ¶99).

2. According to the Office of the Chief Medical Examiner, the probable cause of death was "DIABETES MELLITUS, SEQUELAE" (*Id.* ¶109).

3. An original Section 1983 Wrongful Death Petition was filed on December 1, 2024, in Oklahoma County District Court with Case Number CJ-2024-8093 by Plaintiff Anita Sue Gonzaleza in her individual capacity and as the Personal Representative of the Estate of Luis Alberto Gonzalez, Jr. (Doc. 1-2 ¶99).

4. The BOCC was served with a copy of the Original Petition on June 13, 2025. (1-5 ¶).

5. On July 3, 2025, this lawsuit was then removed and transferred to Federal Court by Defendants. (Doc. 1).

6. Relying on Plaintiff's representations in her pleadings, the Defendant, BOCC answered Plaintiff's Petition.

7. No probate has ever been filed in Oklahoma on behalf of the Estate of Luis Alberto Gonzalez, Jr. by Anita Sue Gonzaleza nor anyone else.

8. The Statute of Limitations for Plaintiff's claims ran on December 23, 2022.

## STANDARD OF LAW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, where there is a "lack of subject matter jurisdiction" the district court must dismiss the plaintiff's complaint. "a Court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). The plaintiff has the burden of establishing subject matter jurisdiction. *Port City Props. V Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir. 2008).

Rule 12(b)(1) challenges are generally presented in one of two ways: the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell,* 363 F.3d 1072, 1074 (10th Cir. 2004).

## PROPOSITION I: PLAINTIFF LACKS STANDING WHICH REQUIRES DISMISSAL AGAINST DEFENDANT BOCC

Standing is the "irreducible constitutional minimum" necessary to make a justiciable "case" or "controversy" under Article III, § 2. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84, 118 S. Ct. 1003, 1008, 140 L. Ed. 2d 210 (1998). Citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L.Ed.2d 351. The 10th Cir. has previously held that standing is determined as of the time the action is brought. See *Utah Ass'n of Ctys. v. Bush*, 455 F.3d 1094, 1099 (10th Cir. 2006). *Oklahoma's*

wrongful death statute, found in Okla. Stat. tit. 12 § 1054, provides that a wrongful death action must be brought within two years. Additionally, this Court has held the statute of limitations period for 42 U.S.C. § 1983 actions in Oklahoma is two years. *Spencer v. Weir,* US Dist. Lexis 69324 at 2 (2026). Oklahoma's savings statute found in Okla. Stat. tit. 12 allows for an additional year to bring a new action after a suit fails.

Plaintiff, Anita Sue Gonzalez, lacks standing and capacity to bring the §1983 claims she has asserted against Defendant BOCC on behalf of the Estate of Luis Alberto Gonzalez, Jr,. Federal § 1983 remedies are "to the party injured." *Berry v City of Muskogee*, 900 F.2d 1489, (10th Cir. 1990). It is "well-settled principle that a section 1983 claim must be based on the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). This principal is founded on the notion that "constitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma,* 413 U.S. 601, 610 (1973). If a party lacks constitutional standing, federal courts lack jurisdiction. *Summers v Earth Island Inst.,* 555 U.S. 488, 492-93(2009). Federal Rule of Civil Procedure 17 governs a party's ability to sue and be sued. Rule 17(a) requires that all actions "be prosecuted in the name of the real party in interest." Fed. R.Civ.P.17(a).

Because Luis Alberto Gonzalez, Jr., who was the real party in interest, has passed away, he cannot pursue this action, and thus the Court must look to the governing substantive law to determine who is the appropriate real party in interest. *Esposito v. United States,* 368 F.3d 1271, 1273 (10th Cir. 2004). In a § 1983 action, a Complaint may be brought on behalf of the decedent's estate or by its Personal Representative.

In a recent decision of the District Court of Colorado, the Colorado court dismissed Plaintiff's Section 1983 action for lack of jurisdiction due to Plaintiff's failure to be appointed personal representative of the estate. *Murphy v. City of Aurora*, No. 24-cv-02726-PAB-NRN, 2026 WL 2409189 (D. Colo. August 18, 2026).

In *Murphy,* Plaintiff filed the lawsuit alleging she was the Adminstratix of the Estate of Yohannes asserting section 1983 claims for wrongful death. However, Plaintiff failed to obtain appointment as personal representative prior to filing the 1983 action. Defendant filed a Motion to Dismiss and a Motion for Summary Judgment because Plaintiff did not have standing to bring the action. The Court found that "[w]ithout a valid **appointment** as **personal representative** by a court having jurisdiction over [the decedent's] estate/probate, the Plaintiff lacks standing in this matter." *Id.* ¶ 4. *Citing Lemberg v Tuuk, No.* 06-cv-00259-MSK-MEH, 2006 WL 1684663, at *4 (D. Colo. June 13, 2006).

In this case, Plaintiff brings suit in her name as an individual and Personal Representative of the Estate of Luis Alberto Gonzalez, Jr, deceased, Plaintiff's Petition is insufficient to establish her standing to bring suit. Plaintiff asserts that she is a resident of Oklahoma County [Doc. 1-2 ¶ 1] however a search of court records in Oklahoma County reveals that no Probate has ever been filed by Petitioner. As in *Murphy,* Anita Sue Gonzalez does not have standing to pursue this section 1983 claim. Anita Sue Gonzalez filed an original Petition on December 1, 2024, in Oklahoma County District Court and to date has not been appointed Personal Representative of the Estate of Luis Alberto Gonzalez Jr. For this reason, Plaintiff's complaint against Defendant BOCC demands dismissal.

In addition to Article III standing, a plaintiff must have prudential standing. This means injury to their own rights rather than those belonging to third parties. *Sac and Fox Nation v. Pierce,* 213 F.3d 566, 573 (10th Cir. 2000). Prudential standing includes the requirement that a plaintiff must assert its own rights rather than those belonging to others. *Board of County Commissioners of Sweetwater County v Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002). In the case of *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982) the Court found "[i]t is quite true that there is also a lack of standing. When we say standing, we mean that the § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased." Complaint may be brought on behalf of the decedent's estate or by its personal representative. In the present case, Anita Sue Gonzalez lacks prudential standing to sue on behalf of Luis Alberto Gonzalez Jr. because at the time of the initial filing she had not been made the estate's representative.

Prudential standing includes the requirement that a plaintiff must assert its own rights rather than those belonging to others. *Board of County Commissioners of Sweetwater County v Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002). In the case of *Davis v. Hudson Refinery*, 498 Fed. App.'x 779 (10th Cir. 2012) the case was dismissed due to lack of prudential standing to bring a civil rights action on behalf of estates of his deceased relatives, where inmate did not establish that he was executor for estates or in any other way authorized to represent estates" and thus the complaint fails to state a claim for which relief may be granted as to these Plaintiffs. Similar to the *Hudson* case, this Complaint must be dismissed due to Plaintiff's clear lack of standing required by law.

As it is a waste of judicial resources to litigate the merits of this case until the issue of standing is resolved, Defendant BOCC respectfully request the Court refrain from addressing any remaining issues until standing is fully adjudicated. Defendant BOCC further reserves the opportunity to respond to all remaining arguments once the issue of standing has been resolved.

## CONCLUSION

Because it is a waste of judicial resources to proceed with litigation on the basis of standing and lack of jurisdiction, Defendant BOCC requests this case be dismissed.

For the foregoing reasons, this Court should dismiss Plaintiff's claims against the Defendant BOCC with prejudice for Lack of Standing and Lack of Jurisdiction without leave to amend.

Respectfully Submitted,

VICKI ZEMP BEHENNA
DISTRICT ATTORNEY

/s/Yolanda Downing
Lisa Erickson Endre, OBA#16647
Yolanda Downing, OBA#18934
Joshua J Holloway, OBA#31090
Katelyn J Crain, OBA#36608
Assistant District Attorney
211 N. Robinson, Suite 700N
Oklahoma City, OK 73102
Telephone: 405-713-1600
Facsimile: (405) 2635-1567
Lisa.endres@oklahomacounty.org
Yolanda.downing@oklahomacounty.org
Josh.holloway@oklahomacounty.org
Katelyn.crain@oklahomacounty.org

**CERTIFICATE OF DELIVERY OR MAILING**

I hereby certify that on the 16th day of September, I electronically transmitted the attached document to the Clerk of the Courts using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk will transmit a Notice of Electronic Filing to those registered participants of the EFC System.

/s/Yolanda Downing