UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Anita S. Gonzalez as PR of<br>Estate of Luis Alberto Gonzalez Jr.,<br><br>Plaintiff,<br><br>v<br><br>Oklahoma County Criminal<br>Justice Authority,<br>Board of County Commissioners<br>of Oklahoma County<br>Turn Key Health Clinics, LLC<br>Does 1-30,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CIV-2025-0742-PRW |

**DEFENDANT BOCC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY MOTION TO DISMISS**

COMES NOW, Defendant Board of County Commissioners of Oklahoma County (hereinafter "BOCC"), by and through the undersigned attorney, and file this Reply to Plaintiff's Response [Doc. 45] to Defendant's Motion to Dismiss For Lack of Standing and Jurisdiction [Doc. 42].

Luis Alberto Gonzalez, Jr., ("Luis")was a pretrial detainee of the Oklahoma County Detention Center who died on December 21, 2022 from Diabetes Mellitus, Sequelae. [Doc. 1-2 at 19]. Plaintiff, Anita Sue Gonzalez brought this action in her capacity as the Personal Representative of the Estate of Luis Alberto Gonzalez, Jr,. by filing an Original Petition in the District Court of Oklahoma County Case Number CJ-2024-8093 on December 16, 2024, alleging that Defendant BOCC is municipally liable for the death of her son Luis.

[Doc. 1-2]. On September 21, 2026, Plaintiff was appointed as Personal Representative of the Estate, after receiving Defendant BOCC's Motion to Dismiss for lack of Standing and Jurisdiction. In Plaintiff's response she states that she "merely made a mistake in labelling herself as Personal Representative and not next of kin." [Doc. 45 at 12]. Plaintiff's mischaracterization of herself as the Personal Representative of the estate and subsequent appointment conveys her knowledge that this status is essential to her capacity to bring this action.

The statute of limitations period is not just procedural, it is a condition of the right of action itself. Allowing a person with no statutory standing to file suit and then substitute a proper party after the limitations period expires nullifies the limitations period for any plaintiff, regardless of their legal authority to sue. The Oklahoma Supreme Court in *Hamilton v. Vaden* confirmed that before a minor may sue for wrongful death, the minor must show that no administrator has been appointed, that the minor is the decedent's surviving spouse, or that there is no surviving spouse and the minor is next of kin. *Hamilton By and Through Hamilton v Vaden,* 721 P.2d 412 (1986). This proves that the right to sue is a statutory requirement that can NOT be corrected later as Plaintiff suggests. Sue Gonzalez had two years from the date of death to be named the estate representative and did not get this done within that timeframe, which means she has no standing to bring the suit

Plaintiff argues that *Weeks v Cessna Aircraft Co.,* 895 P.2d 731, 723 (Okla. App. Div 2 1994) would allow the appointment to relate back to the initial filing of the lawsuit. However, in *Weeks*, the facts were different from the present case. *Weeks* was initiated

after the estate had been established and an administrator had been appointed by the court. Only a court-appointed personal representative has authority to initiate litigation on behalf an estate.

The most relevant undisputed fact to be gleaned from Plaintiff's pleadings is that Plaintiff was not the appointed legal representative for Luis Alberto Gonzalez, Jr's Estate when the initial pleading was filed on December 16, 2024. The fundamental rule of prudential standing is that legal capacity must exist at the inception of litigation and that it cannot be acquired retroactively or cured by subsequent developments. *See Talkington v. N.Y. Life Ins. & Annuity Corp*., No. CIV-16-1255-R, 2017 U.S. Dist. LEXIS 27783, at *3-4 (W.D. Okla. Feb. 28, 2017). In *Davis v. Hudson Refinery*, (498 Fed. App.'x 779 (10th Cir. 2012) the case was dismissed due to lack of prudential standing to bring a civil rights action on behalf of estates of his deceased relatives, where the inmate did not establish that he was executor for the estates or in any other way authorized to represent the estates and thus the complaint fails to state a claim for which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendant BOCC requests this case be dismissed without leave to amend.

Respectfully Submitted,

VICKI ZEMP BEHENNA
DISTRICT ATTORNEY

/s/Yolanda Downing
Lisa Erickson Endres, OBA#16647
Yolanda Downing, OBA#18934

Joshua J Holloway, OBA#31090
Katelyn J Crain, OBA#36608
Assistant District Attorney
211 N. Robinson, Suite 700N
Oklahoma City, OK 73102
Telephone: 405-713-1600
Facsimile: (405) 2635-1567
Lisa.endres@oklahomacounty.org
Yolanda.downing@oklahomacounty.org
Josh.holloway@oklahomacounty.org
Katelyn.crain@oklahomacounty.org

**CERTIFICATE OF DELIVERY OR MAILING**

I hereby certify that on the 21st day of October, I electronically transmitted the attached document to the Clerk of the Courts using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk will transmit a Notice of Electronic Filing to those registered participants of the EFC System.

/s/Yolanda Downing